## Case No. 13,518.

### STRAAS v. MARINE INS. CO.

[1 Cranch, C. C. 343.] [1]

Circuit Court, District of Columbia. July Term, 1806.

MARINE INSURANCE—VALUED POLICY—MISREPRESENTATIONS—NEUTRALITY—DEPOSITIONS.

1. Upon a valued policy, a misrepresentation as to the age and size of the vessel will not avoid the policy. If there be no warranty of neutrality, the policy covers belligerent risks.

2. When depositions have been taken by one party without notice to the other, the cause may be continued.

Covenant on a policy upon the brig Hope, whereby the defendant, in consideration of a premium of seventeen and an half per cent. "paid by W. Hodgson for G. F. Straas and others, of Richmond," insured eight thousand dollars on the brig Hope, a prize vessel, at and from her last port of lading in St. Domingo, to a port of discharge in the Chesapeake, valued at ten thousand dollars. The loss was stated to be by capture by British vessels, and condemned in Jamaica. Issue was joined on the 1st, 2d, 3d, 7th, and 8th pleas, and demurrer to the 4th, 5th, and 6th. The 4th plea was, that to induce the defendants to sign and seal the policy, insuring eight thousand dollars on the vessel, the plaintiff represented that she was a stout, well-built vessel of about 250 tons burden, in good order

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

[2] By statute "all writs of execution shall be made returnable within sixty days, or to the next court (in case sixty days are remaining between the date of the execution and the next court), at the election of him that prays it out." 1 St. Conn. tit. 63, c. 1, § 10.

[1] [Reported by Hon. William Cranch, Chief Judge.]

and well found, &c., built in Massachusetts, and from six to seven years old; and that in consequence of such representation, and placing full faith and credit therein, they signed, sealed, &c., and they aver that she was not about 250 tons burden, but of less burden than 165 tons, namely, about 162 tons, and was not from six to seven years old, but more than eight and a half years old, and that she was not worth eight thousand dollars, and was built in the province of Maine, in Massachusetts, in 1790, and this they are ready to verify, &c.

Mr. Hiort and Mr. Swann, for the plaintiff, contended that the plea was bad because it does not aver that the misrepresentation was fraudulent or material to the risk, and because there is always an implied warranty of seaworthiness which covers the objection as to the age and tonnage of the vessel; and the value is fixed by the policy. 5 Bac. Abr. (Guillim) 444; Marsh. Ins. 200, 252, 335, 336; Lewis v. Rucker, 2 Burrows, 1171; Trevivan v. Lawrence, 1 Salk. 277; Marsh. Ins. 341; Park, Ins. 207, 322, 397; Barnewall v. Church, 1 Caines, 217; Craufurd v. Hunter, 8 Term R. 23; Page v. Fry, 2 Bos. & P. 243.

C. Lee and E. J. Lee, for defendants, contended that, if the plea alleges facts which in law amount to fraud, it is not necessary to aver fraud. The misrepresentation as to the size and age of the vessel went to support the false allegation that it was worth eight thousand dollars, when in fact it was worth only three thousand. 1 Wooddeson, 207, 208; Filles v. Brutton, Park, Ins. 182, 204; Marsh. Ins. 586; De Ghettoff v. London Assur. Co., 4 Brown, Parl. Cas. 436; Marsh. Ins. 348; Stewart v. Dunlap, Park, Ins. 236; Marsh. Ins. 208, 350; Heyward v. Rodgers, J. P. Smith [Eng.] 289; Marsh. Ins. 200, 201, 601; Bright v. Eynon, 1 Burrows, 396; Marsh. Ins. 335, 339, 340; Park, Ins. 195; Sherley v. Wilkinson, Doug. 306, in note; Macdowall v. Fraser, Id. 260; Marsh. Ins. 348; Millar, 46, 47, 52; Park, Ins. 3; 2 Atk. 254; Har. Ch. 21; Burn, Ins. 20; Shep. Touch. 58, 59; 1 Burrows, 474; Wesk. Ins. 226; 2 Bl. Com. 458; Carter v. Boehn, 3 Burrows, 1909; Chit. 8, 9; 1 Fonbl. (Ed. 1805) 122, 230, note; Collins v. Blantern, 2 Wils. 347.

The 5th plea was, that the vessel was captured by the British, and was the property of the enemy of Great Britain; and the 6th plea was, that the vessel was the property of a French citizen and that there was war between Great Britain and France, and that the vessel was captured by the British, etc. The answer to these pleas was that the policy covered war risks, there being no warranty that the property was neutral.

Mr. Swann, for plaintiff, cited Christie v. Secretan, 8 Term R. 192; Barnewall v. Church, 1 Caines, 217, 237.

E. J. Lee, for defendant, cited 1 Rob. 11, and Anon., Skin. 327, that naming the insured as of Richmond, was an implied representation that the property was neutral.

THE COURT (nem. con.) decided that the three pleas were all bad;—the fifth and sixth because the risks and persons there stated were covered by the policy. THE COURT did not give the reasons of their opinion on the 4th plea.

On motion of the plaintiff's counsel, THE COURT continued the cause until the next term, because the defendants had taken depositions under the act of congress, without notice to the plaintiff, which depositions were first opened in court at this term. See the case of Dade v. Young [Case No. 3,534], in this court at June term, 1803.

Upon the trial of the issues of fact, at November term, 1807, it appeared that the first plea was general performance, with general replication and issue. The second plea denied the capture and condemnation, as stated in the declaration. The third plea denied the seaworthiness of the vessel. The seventh plea averred the same misrepresentation which was stated in the fourth plea, and averred it to be material to the terms of this contract of insurance; and the issue was joined upon the materiality. The eighth plea was that the plaintiff had no interest in the vessel.

C. Lee, for defendants, objected to the plaintiff's reading any of the proceedings of the court of vice-admiralty in Jamaica, except the sentence of condemnation. Russel v. Union Ins. Co., 4 Dall. [4 U. S.] 424.

Mr. Swann, contra, was stopped by THE COURT, who said that the point had been decided by this court in the case of Croudson v. Leonard [Case No. 3,439], in March, 1806. And see, also, Lambert v. Smith [Id. 8,028], at November term, 1806, in which last case the court decided that the plaintiff might give in evidence to the jury, the depositions and other evidence contained in the proceedings of the court of vice-admiralty, to show that the grounds of condemnation stated in the sentence were not true.

THE COURT now said that they did not mean to say that the depositions in the record of vice-admiralty were evidence in chief of the facts therein stated, but were only evidence of the real grounds of condemnation, so that the jury may judge of the weight which the sentence ought to have in the question whether the policy was violated by the plaintiff.

Mr. Lee then objected to the policy being admitted as evidence in this action, which is in the name of Straas alone, but the policy is in the name of William Hodgson for Straas and others, of Richmond. The suit should have been in the name of Hodgson, the trustee. Cabell v. Hardwick, 1 Call, 358; Peter v. Cocke, 1 Wash. [Va.] 257.

Mr. Swann, contra. The plea of performance admits the execution of the policy and all the obligations arising out of it. 4 Bac. Abr. 54; System of Pl. 321; Grills v. Mannell, Willes 380.

THE COURT decided that the policy was

substantially set forth in the declaration according to its legal effect.

A deposition had been read by the plaintiff's counsel; and C. Lee, for defendants, offered to read a prior deposition of the same witness, taken informally by the plaintiff and filed, but which the plaintiff had not offered to read in evidence. The defendants waived all objection to its informality, but the plaintiff refused to consent to its being read.

THE COURT (nem. con.) refused to permit the defendants to read it to the jury.

Mr. Swann, for plaintiff, prayed to the court to instruct the jury that, if the plaintiff was at all interested in the vessel he has a right to recover the whole sum insured. Park, Ins. 259, 263, 265, 300, 304; Lewis v. Rucker, 2 Burrows, 1167; Grant v. Parkinson, Perk. 305; Da Costa v. Firth, 4 Burrows, 1966.

Mr. Lee, contra, cited Marsh. Ins. 200, 612; Goddart v. Garrett, 2 Vern. 269; Le Pypre v. Farr, Id. 716, 717; Craufurd v. Hunter, 8 Term R. 13; Thellusson v. Fletcher, Doug. 314.

THE COURT decided that upon a valued policy, and a total loss, the plaintiff is entitled to recover the whole sum insured, if he prove that he has a bona fide interest in the property insured.

Upon the issue on the seventh plea, Mr. Swann, for plaintiff, prayed the court to instruct the jury that, if the vessel was seaworthy, the misrepresentation was not material to the said contract of insurance.

C. Lee, contra, cited Unwin v. Wolseley, 1 Term R. 674; Macdowall v. Fraser, Doug. 260; Collins v. Blantern, 2 Wils. 347; Hayne v. Maltby, 3 Term R. 438; 1 Wooddeson, 307; Marsh. Ins. 248; 1 Fonbl. 230; Jenk. 254; Bull. N. P. 173; 2 Vent. 107; Kent v. Bird, 2 Cowp. 585; Hardr. 464; Pawson v. Watson, 2 Cowp. 785; Carter v. Boehn, 3 Burrows, 1905.

Mr. Swann, in reply, cited Park, Ins. 206; Doug. 271; Macdowall v. Fraser, Id. 260; Marsh. Ins. 335, 336.

THE COURT (DUCKETT, Circuit Judge, absent) refused to give the instruction last prayed by Mr. Swann, and the plaintiff became nonsuit. See Hodgson v. Marine Ins. Co. of Alexandria [Case No. 6,567].